IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ETHAN JOHNSON SPRUILL,       )
                             )
        Petitioner,           )
                             )
v.                           )   Case No. CIV-19-442-D
                             )
JEORLD BRAGGS, JR., Warden,  )
                             )
        Respondent.          )

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be denied. Petitioner, who is represented by counsel, has filed a timely Objection [Doc. No. 17]. Thus, the Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner, seeks relief from a 2016 conviction of first-degree manslaughter and a 23-year prison sentence.[1] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction. *See Spruill v. State*, 425 P.3d 753 (Okla. Crim. App. 2018). Petitioner timely filed his original Petition on May 14, 2019, and filed

---

[1] Petitioner was charged with first-degree murder, but a jury convicted him of a lesser included offense.

the Amended Petition pursuant to Fed. R. Civ. P. 15(a)(1). He asserts three claims: 1) denial of his constitutional right against self-incrimination under *Miranda v. Arizona*, 384 U.S. 436 (1966); 2) failure to prove beyond a reasonable doubt that he was not acting in self-defense; and 3) denial of his constitutional right to present a defense by excluding proposed testimony from his use-of-force expert.

In a 22-page Report, Judge Purcell conducts a careful examination of Petitioner's claims and supporting arguments in light of Respondent's answer, the relevant state court record, and governing legal standards. Judge Purcell concludes that all of Petitioner's claims lack merit. Judge Purcell finds that Petitioner has not shown the state court's determinations were either based on unreasonable findings of fact or unreasonable applications of clearly established federal law. Petitioner objects to all of Judge Purcell's findings and conclusions.[2]

**Claim 1: Self-Incrimination**

The death of the victim, Aaron McCray, occurred in the apartment where he and his family lived. Petitioner resided in an apartment directly above them. After shooting and killing Mr. McCray, Petitioner returned to his own apartment, and police officers who responded to the shooting found him there. Petitioner surrendered without incident and immediately stated he wanted an attorney. However, Petitioner (who was intoxicated)

---

[2] For each claim, Petitioner also purports to adopt "all authorities and arguments in his Amended Petition for Writ of Habeas Corpus and Memorandum of Law in Support." *See* Obj. at 2, 16, 19. Because a specific objection is necessary to preserve an issue for further review, however, the Court finds this attempt at global incorporation to be ineffectual and addresses only Petitioner's Objection.

2

proceeded to talk while being transported to the police department, and volunteered his version of events. Also, when Petitioner was taken to an interview room, he asked the transporting officer to remain in the room with him. Without Petitioner's knowledge, the officer took a tape recorder into the room and recorded what Petitioner said.

The detectives assigned to investigate Petitioner's case also recorded what transpired in the interview room. Soon after the detectives entered the room, Petitioner requested an attorney, but the officers did not terminate the interview. Petitioner proceeded to talk about the incident and describe what happened. Although the detectives did not ask direct questions, one made a comment to the effect that if he were involved in a self-defense situation, he personally would want to talk about it. Both before and during the interview, Petitioner repeatedly made incriminating statements about the shooting.

The OCCA summarized the relevant factual findings as follows:

> The record shows that [Petitioner] was in custody at the time of his various recorded statements; that [Petitioner] requested the presence of counsel repeatedly starting at the moment he was arrested in front of his apartment; that [Petitioner]'s statements were unwarned – that is, authorities never read him the warning mandated by *Miranda* . . . ; and that [Petitioner] refused to sign any waiver indicating that he understood his rights. However, the record also shows that [Petitioner]'s statements were not made in response to interrogation from authorities. Rather, [Petitioner]'s statements were volunteered to virtually anyone who would listen while he was at the police department. Volunteered statements of any kind are not barred by the Fifth Amendment.
>
> "Once a suspect in custody has asserted his right to speak only through counsel, all attempts at interrogation must cease. A suspect can, however, change his mind and decide to speak to police without counsel." Here, the State met its burden to prove that [Petitioner]'s statements were the product of an essentially free and unconstrained choice by [Petitioner]. . . .

*Spruill*, 425 P.3d at 755 (citations omitted).

Framed by the deferential standard of 28 U.S.C. § 2254(d), Petitioner mounts a two-fold attack on the OCCA's disposition of his first claim. He challenges both the reasonableness of the state court's determination of the facts in light of the evidence presented, and the reasonableness of the state court's application of *Miranda* and other Supreme Court cases. *See* Obj. at 7-8, 10-15 (discussing *Edwards v. Arizona*, 451 U.S. 477 (1981); *Davis v. United States*, 512 U.S. 452 (1994); and *Rhode Island v. Innis*, 446 U.S. 291 (1980)). Upon *de novo* consideration, the Court fully concurs in Judge Purcell's analysis of this claim.

Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." The Tenth Circuit has held that "[t]he presumption of correctness also applies to factual findings made by a state court of review based on the trial record." *Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015) (internal quotation omitted). The OCCA's critical findings in this case are that Petitioner's incriminating statements were not made in response to interrogation but were volunteered, and that he changed his mind each time he requested counsel and voluntarily decided to speak.

After careful consideration of the record, the Court finds that Petitioner has failed to overcome the presumption of correctness of the OCCA's findings. Petitioner concedes "there were some volunteered statements," and argues in a conclusory manner "there were numerous incriminating statements that were obtained over objection, contrary to Supreme Court precedents." *See* Obj. at 13. Petitioner does not point to clear and convincing

4

evidence that any particular statement was not volunteered or any particular request for counsel was not abandoned. Petitioner instead contends the police officers "strategically engaged in conduct specifically designed to cause [him] to make incriminating statements in their presence" and this "calculated scheme . . . [was] the functional equivalent of questioning" as defined by the Supreme Court in *Innis*. *Id*. at 2, 14. However, the OCCA unequivocally rejected Petitioner's view of the evidence; the OCCA expressly found that his incriminating statements "were not made in response to interrogation" and, in so doing, specifically referenced *Innis* and its definition of "the term 'interrogation' for *Miranda* purposes." *See Spruill*, 425 P.3d at 755. The Court finds that Petitioner has failed to show that the OCCA made an unreasonable determination of the facts when it found that Petitioner volunteered his incriminating statements.

Pursuant to 28 U.S.C. § 2254(d)(1), Petitioner is not entitled to relief unless he establishes that the OCCA's adjudication of his *Miranda* claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotations and alterations omitted). "An OCCA decision is 'contrary to' a clearly established law if it applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts." *Lockett v. Trammell*, 711 F.3d 12218, 1231 (10th Cir. 2013) (internal quotations and alterations omitted); *see Bell v. Cone*, 543 U.S.

447, 452-54 (2005); *Wood v. Carpenter*, 907 F.3d 1279, 1289 (10th Cir. 2018). "'It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Al-Yousif*, 779 F.3d at 1180 (quoting *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013)) (alteration in *Al-Yousif*, internal quotations omitted); *see also Wood*, 907 F.3d at 1289 ("a state court's application of federal law is only unreasonable if all fairminded jurists would agree the state court decision was incorrect") (internal quotation omitted).

Upon *de novo* consideration of Petitioner's claim, the Court finds that he has not met his burden to show the OCCA unreasonably applied clearly established federal law. As discussed *supra*, the crux of Petitioner's argument is that the police officers engaged in conduct that was calculated to elicit incriminating statements and was the "functional equivalent of questioning" under *Innis*. *See* Obj. at 14-15. He contends "coercive police tactics" resulted in "blatant *Innis* violations." *Id*. at 15. However, Petitioner's argument is contrary to the OCCA's factual finding that Petitioner's statements "were volunteered to virtually anyone who would listen." *See Spruill*, 425 P.3d at 755. Under *Miranda*, 384 U.S. at 478, "[v]olunteered statements of any kind are not barred by the Fifth Amendment." Therefore, the Court finds that Judge Purcell correctly concludes Petitioner has not shown a basis for relief on his first claim.

B.     Claim 2:    Sufficiency of the Evidence

On the date of the shooting, Petitioner knocked on the door of the victim's apartment and entered when Mr. McCray opened it, either voluntarily or (according to Petitioner) by

6

being pulled inside. A physical confrontation ensued, and Petitioner fired a loaded handgun he was carrying. Petitioner asserted at trial that he was acting in self-defense, but the jury rejected his claim. Petitioner now challenges the sufficiency of the evidence to prove he was not acting in self-defense.

An insufficiency of evidence claim is governed by the "rational fact-finder" standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires a court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original). To assess the sufficiency of the evidence, a reviewing court must "first determine the elements of the offense and then examine whether the evidence suffices to establish each element." *Anderson-Bey v. Zavaras*, 641 F.3d 445, 448 (10th Cir. 2011). In federal habeas proceedings, where a sufficiency challenge was resolved on the merits by the state courts, there is "an additional degree of deference," and the question becomes "whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (internal quotation omitted). The Tenth Circuit "call[s] this standard of review 'deference squared.'" *Hooks v. Workman*, 689 F.3d 1148, 1166 (10th Cir. 2012) (quoting *Young v. Sirmons*, 486 F.3d 655, 666 n. 3 (10th Cir. 2007)); *see Torres v. Lytle*, 461 F.3d 1303, 1313 (10th Cir. 2006).

To prove the offense of first-degree manslaughter under the circumstances of Petitioner's case, "the State was obligated to prove, beyond a reasonable doubt, that [Petitioner] did not act in self-defense." *Spruill*, 425 P.3d at 756 (internal quotation

7

omitted). *Id*. In analyzing this claim on direct appeal, the OCCA summarized the trial evidence, including eyewitness testimony from the victim's wife, that "disputed [Petitioner's] version of events" and "showed he was the aggressor who instigated this entire deadly affair." *Id*. The OCCA also found that, viewing the evidence in favor of the prosecution, Petitioner "was clearly a trespasser" inside the victim's apartment. *Id*. Under Oklahoma law, self-defense "is not available to an aggressor or one who voluntarily enters into a situation armed with a deadly weapon," and "a trespasser's right to self-defense arises only after the trespasser has availed himself of every reasonable means of escape from the imminent danger of death or great bodily harm." *Id*. Applying these legal principles to the trial evidence, the OCCA concluded that "sufficient evidence was presented at trial to allow any rational trier of fact to find beyond a reasonable doubt the absence of self-defense." *Id*.

Petitioner cannot persuasively argue that the OCCA's determination of his claim was an unreasonable application of the *Jackson* standard. Instead, his challenge hinges on evidence excluded from the trial, as argued in his third claim *infra*, which was "the bulk of the evidence for a valid determination of self-defense." *See* Obj. at 16. According to Petitioner, "[t]he very testimony that would have supported [his] self-defense claim, was excluded by the State trial and appellate courts." *Id*. Based on the record actually presented, however, the Court finds no basis for relief on Petitioner's second claim.[3]

---

[3] Petitioner also seems to argue, without expressly so stating, that the OCCA's findings that he was a trespasser and aggressor are unreasonable factual determinations. *See* Obj. at 17. To the extent this was Petitioner's intended argument, the Court rejects it.

## C. Claim 3: Exclusion of Defendant's Expert

Petitioner asserts that by excluding the proposed testimony of his use-of-force expert, John Boren, the trial court violated his constitutional right to present a complete defense. Judge Purcell characterizes this claim as one that the state court's evidentiary ruling resulted in a denial of Petitioner's right to due process, and concludes that exclusion of Mr. Boren's testimony "did not make [Petitioner's] trial fundamentally unfair." *See* R&R at 21. Petitioner complains that Judge Purcell mischaracterizes his claim and fails to address whether his right to present a defense was violated. *See* Obj. at 19-20. Upon *de novo* consideration of the claim under this theory, the Court finds that Petitioner is not entitled to relief on this ground.[4]

The Supreme Court has held that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). The Court has "also recognized 'that state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials'" and "[o]nly rarely [has it] held that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)) (internal quotation and citation omitted).

---

[4] Because Petitioner does not challenge Judge Purcell's analysis of any due process claim asserted, he has waived further review of this issue. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

In this case, the OCCA determined both that the trial court properly excluded Mr. Boren's testimony under state evidentiary rules and that Petitioner "was not deprived of his constitutional right to present a complete defense." *See Spruill*, 425 P.3d at 756. In so doing, OCCA specifically referenced prior decisions applying *Crane* and other federal decisions. *Id*. at 756-57 (citing *Simpson v. State*, 230 P.3d 888, 895 (Okla. Crim. App. 2010); *Pavatt v. State*, 159 P.3d 272, 286 (Okla. Crim. App. 2007); and "cases cited therein"). Petitioner attempts to show this ruling was an unreasonable application of federal law as determined by the Supreme Court by relying solely on *Crane*. *See* Obj. at 20-21. However, *Crane* involved the exclusion of "competent, reliable evidence bearing on the credibility of a confession" that was "central to the defendant's claim of innocence." *Crane*, 476 U.S. at 690-91.

Upon *de novo* consideration of Petitioner's claim that his constitutional right to present a complete defense was violated by the exclusion of his use-of-force expert, the Court finds that Petitioner has failed to show that the OCCA's application of federal law was so erroneous that all fair-minded jurists would agree that the state court's decision conflicts with Supreme Court precedent.

For these reasons, the Court finds no basis in Petitioner's Objection to disagree with Judge Purcell's thorough analysis of the issues and Petitioner's claims.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED, as set forth herein. The Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 27th day of December, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge